UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS G. RUTHERFORD, SALLY J. RUTHERFORD, and CHELAN COUNTY ASSESSOR,<br><br>　　　　Defendants. | NO. 2:16-CV-00036-JLQ<br><br>ORDER RE: STIPULATION FOR ENTRY OF JUDGMENT, FORECLOSURE AND JUDICIAL SALE AND STAY, AND DIRECTING ENTRY OF JUDGMENT |

　　　　On February 8, 2016, the Government initiated this action to foreclose on federal tax liens regarding four properties in Chelan County, Washington. (ECF No. 1). On October 5, 2016, the court issued an Order to Show Cause based on the Government's lack of prosecution in this case wherein the only remaining Defendant, Louis G. Rutherford, was in default. (ECF No. 15). On October 7, 2016, the Government filed a Stipulation for Entry of Judgment Against Louis G. Rutherford (ECF No. 17). The Stipulation seeks entry of an Order of Foreclosure and Judicial Sale, entry of Judgment, and an Order staying foreclosure and judicial sale so Defendant Louis Rutherford can attempt to sell the properties that are the subject of this action at an arm's length transaction in lieu of a judicial sale of the properties.

　　　　In the Stipulation, the Government disclosed, for the first time, the existence of a related case in the Western District of Washington, *United States of America v. Louis G. Rutherford*, No. 2:16-CV-00187-JCC. The related case was not timely disclosed to this court, nor did the Government explain the nature of that case. This court has reviewed the

ORDER - 1

pleadings in the Western District of Washington case, and it appears that matter sought to reduce $313,412.46 in outstanding federal tax assessments to judgment against Louis Rutherford. *See U.S.A. v. Rutherford*, 2:16-CV-00187-JCC (W.D. Wash.) (ECF No. 1). On August 10, 2016, District Judge John Coughenour entered default judgment against Rutherford in the amount of $319,618.06, plus interest and other statutory additions. *See* (*id*. at ECF No. 18).

In the matter before this court, the Government and Defendant Rutherford have entered into an agreement whereby Defendant will attempt to sell the four properties at issue in this action and provide the proceeds to the Government. (ECF No. 17 at 6). Under the parties' agreement, if Defendant sells the properties or otherwise satisfies the tax liens against Defendant prior to December 31, 2016, the Government will notify the court and request the judicial sale be vacated. (ECF No. 17 at 6).

**IT IS HEREBY ORDERED**:

1. The Stipulation for Entry of Judgment Against Louis G. Rutherford (ECF No. 17) is **GRANTED**.

2. This Order is entered pursuant to the Stipulation of the parties, 28 U.S.C. § § 2001 and 2002, and 26 U.S.C. § § 7402 and 7403.

3. The Clerk is directed to enter Judgment in favor of the Government and against Louis G. Rutherford foreclosing the federal tax liens against the four properties set forth in the Complaint (ECF No. 1) and as described herein. Those properties shall be sold at a judicial sale and the proceeds distributed in accordance with this Order. The United States has perfected lien interests in all property and all rights to property belonging to Louis G. Rutherford, including the four properties identified in the Complaint (ECF No. 1), as of the date of each tax assessment described in the Complaint (ECF No. 1), or

ORDER - 2

| | |
|---|---|
| 1 | acquired thereafter. Judgment shall be without costs or attorneys' fees to any |
| 2 | party. |
| 3 | 4. Pursuant to this Order, Judgment will be entered in favor of the United States |
| 4 | and against Louis G. Rutherford, recognizing the Amended Judgment entered |
| 5 | against Louis G. Rutherford in the Western District of Washington in *U.S.A.* |
| 6 | *v. Louis G. Rutherford*, No. 2:16-CV-187-JCC (ECF No. 18), and referenced |
| 7 | in Paragraph 9 of the Stipulation for Entry of Judgment (ECF No. 17) in this |
| 8 | matter, attaches to the Four Properties. |
| 9 | 5. The United States filed this action to foreclose federal tax liens against four |
| 10 | separate parcels of real property located in Chelan County, Washington |
| 11 | ("Four Properties"). |
| 12 | 6. The Four Properties are legally described as: |

That portion of the Northwest Quarter of the Northeast Quarter of Section 14, Township 24 North, Range 19 East, W.M., Chelan County, Washington, further described as follows:
Commencing at the Northwest corner of said Northwest Quarter of the Northeast Quarter; thence Southeast 89o07'47" along the Northerly boundary line of said subdivision for 370.60 feet to the Northeast corner of Lot 1 of Chelan County Short Plat No. 1088 as filed under Auditor's File No. 8404260025 and the TRUE POINT OF BEGINNING; thence from said Point of Beginning continuing along said Northerly boundary line Southeast 89o07'47" for 966.68 feet to the Northeast corner of said subdivision, a found aluminum capped monument; thence leaving said Northerly boundary line Southwest 04o31'40" for 849.57 feet; thence Northwest 76o15'24" for 318.96 feet; thence Southwest 40o18'13" for 287.66 feet; thence Northwest 54o21'52" for 25.69 feet; thence Northwest 25o43'41" for 228.13 feet; thence Southwest 66o17'36" for 257.87 feet to the Easterly right of way line of the Nahahum Canyon County Road, thence along said Easterly right of way line Northwest 23o01'39" for 713.37 feet; thence along a curve to the right having a delta angle of 09o31'56" a radius of 339.81 feet for a length of 56.53 feet, thence Northwest 13o29'18" for 34.43 feet to the Southwest corner of said lot 1 of Chelan County Short Plat No. 1088, thence leaving said right of way line Southeast 89o07'47" along the Southerly boundary line of said lot 1 for 293.01 feet to the Southeast corner of said Lot 1; thence northwest 13o29'43" along the Easterly boundary line of said Lot 1 for 153.45 feet to the Point of Beginning.
These four parcels of real property are also referred to as "Lot 1," "Lot 2,"

ORDER - 3

"Lot 3," and "Lot 4," and are each described below.

7. Lot 1 is a parcel of real property with a street address of 9035 Nahahum Canyon Road, Cashmere, Washington, 98815, and is Chelan County Assessor's Parcel No. 241914120075.

8. Lot 2 is a parcel of real property with a street address of 9065 Nahahum Canyon Road, Cashmere, Washington, 98815, and is Chelan County Assessor's Parcel No. 241914120080.

9. Lot 3 is a parcel of real property with a street address of 9025 Nahahum Canyon Road, Cashmere, Washington, 98815, and is Chelan County Assessor's Parcel No. 241914120085.

10. Lot 4 is a parcel of real property with a street address of 9015 Nahahum Canyon Road, Cashmere, Washington, 98815, and is Chelan County Assessor's Parcel No. 241914120090.

11. 26 U.S.C. § 7403 entitled the United States to enforce its liens against the Four Properties in order to apply the proceeds towards the tax liabilities of Louis G. Rutherford.

12. Louis G. Rutherford consented to the foreclosure of the federal tax liens upon the Four Properties.

13. The United States' federal tax liens against the Four Properties are hereby **FORECLOSED**. The United States Marshal for the Eastern District of Washington, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Four Properties free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS

representative to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

14. The United States Marshal for the Eastern District of Washington, his representative, or a PALS representative is authorized to have free access to the Four Properties and to take all actions necessary to preserve the Four Properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Four Properties, until the deed to the Four Properties is delivered to the ultimate purchaser.

15. The terms and conditions of the sale shall be:

   a. Except as otherwise stated herein, the sale of the Four Properties shall be by public auction to the highest bidder, free and clear of all liens and interests;

   b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any;

   c. The sale shall be held at the courthouse of the borough or city in which the Four Properties are located, on the Four Properties' premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

   d. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Chelan County, Washington, and, at the discretion of the U.S. Marshal, his representative, or a PALS representative, by any other notice deemed appropriate. State law notice requirements for foreclosures or execution sales do not apply to

ORDER - 5

this sale under federal law. The notice shall contain a description of the Four Properties and shall contain the material terms and conditions of sale in this Order.

    e.    The minimum bid will be set by the Internal Revenue Service for the Four Properties. If the minimum bid is not met or exceeded, the U.S. Marshal, his representative, or a PALS representative may, without further permission of this court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

    f.    The successful bidder for the Four Properties shall be required to deposit at the time of the sale with the U.S. Marshal, his representative, or a PALS representative a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of Washington. Before being permitted to bid at the sale, bidders shall display to the U.S. Marshal, their representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

    g.    The balance of the purchase price for the Four Properties is to be paid to the U.S. Marshal, his representative, or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of Washington. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale,

ORDER - 6

including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the tax liens against Louis G. Rutherford at issue herein. The Four Properties shall be again offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash.

h. The sale of the Four Properties shall be subject to confirmation by this Court. The U.S. Marshal or a PALS representative shall file a report of sale with the court, together with a proposed order of confirmation of sale, within 30 days from the date of receipt of the balance of the purchase price.

i. Upon confirmation of the sale, the U.S. Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Four Properties to the purchaser(s).

j. Upon confirmation of the sale, all interests in, liens against, or claims to, the Four Properties that are held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be are discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state law shall not apply to this sale under federal law.

k. Upon confirmation of the sale, the purchaser(s) shall have the Chelan County Clerk and Recorder record the transfer of the Four Properties upon that District's register of title.

l. Until the Four Properties are sold, Louis G. Rutherford shall take all reasonable steps necessary to preserve the Four Properties (including all buildings, improvements, fixtures and appurtenances on the

ORDER - 7

     properties) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. He shall neither commit waste against the Four Properties, nor cause nor permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Four Properties, nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Four Properties, or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

  m. All persons occupying the Four Properties shall leave and vacate the Four Properties permanently within 30 days of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Four Properties). If any person fails or refuses to leave and vacate the Four Properties by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of the Four Properties is being conducted by a PALS representative. Specifically, the U.S. Marshal is authorized and directed to take all actions necessary to enter the Four Properties at any time of the day or night and evict and eject all unauthorized persons located there, including Louis G. Rutherford, and any occupants. To accomplish this and to

ORDER - 8

otherwise enforce this Order, the U.S. Marshal is authorized to enter the Four Properties and any and all structures and vehicles located thereon, and to use force as necessary. When the U.S. Marshal concludes that all unauthorized persons have vacated, or been evicted from the Four Properties, they shall relinquish possession and custody of the Four Properties to the Internal Revenue Service, or its designee. No person shall be permitted to return to the Four Properties and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Four Properties during the time this Order is in effect may be ejected by the United States Marshal without further order of the court.

n. If any person fails or refuses to remove his or her personal property from the Four Properties by the time specified herein, the personal property remaining on the Four Properties thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the court for further distribution.

o. The U.S. Marshal, his representative, or a PALS representative shall deposit the amount paid by the purchaser into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied:

ORDER - 9

      (i)    First to the Internal Revenue Service, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Four Properties pending sale and confirmation by the court;

      (ii)    Second, to Chelan County Assessor, for any and all liens it may have on the Four Properties for unpaid real property taxes or special assessments at the time of the sale;

      (iii)    Third, to the United States, for the amount of the remaining proceeds after the first and second priorities are paid, up to the amount of the outstanding balance of the Amended Judgment entered on August 10, 2016, against Louis G. Rutherford in *U.S.A. v. Louis G. Rutherford*, No. 2:16-CV-187-JCC (W.D. Wash.) (ECF No. 18).

      (iv)    Any balance remaining after the above payments shall be held by the Clerk until further order of the court.

16. The foregoing provisions concerning the foreclosure and judicial sale of the Four Properties is hereby **STAYED** until December 31, 2016, at which point this stay will automatically expire.

17. If Louis G. Rutherford successfully sells the Four Properties through a private sale or otherwise fully satisfies the Untied States' federal tax liens at issue in this action prior to December 31, 2016, the Government shall notify the court **forthwith**.

18. Until the ultimate disposition of the Four Properties, Louis G. Rutherford

ORDER - 10

shall take all reasonable steps necessary to preserve the Four Properties, including all buildings, improvements, fixtures, and appurtenances to the Four Properties, in their current condition, including without limitation, maintaining a fire and casualty insurance policy. He shall neither commit waste against the Four Properties nor permit anyone else to do so.

19. Until the ultimate disposition of the Four Properties, Louis G. Rutherford shall neither do anything that tends to reduce the value or marketability of the Four Properties nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Four Properties or tend to deter or discourage potential bidders from participating in a public auction, should one ultimately become necessary, nor shall he cause or permit anyone else to do so.

20. Until the expiration of this Stay, and within any extension of time granted by the United States to facilitate an orderly sale, Louis G. Rutherford shall use good faith efforts to sell the Four Properties at their fair market value to a bona fide purchaser for value, or otherwise satisfy the United States' federal tax assessments at issue in this action.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and Judgment and furnish copies to counsel.

Dated October 12, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
